UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

Plaintiff

v.

KARYN DONOHUE,

Defendant.

_____/

Case No. 19-12346

David M. Lawson
United States District Judge

Stephanie Dawkins Davis
United State Magistrate Judge

## REPORT AND RECOMMENDATION:
## PLAINTIFF'S MOTION FOR TEMPORARY
## RESTRAINING ORDER (Dkt. 3)
## AND DISMISSAL BASED ON *YOUNGER* ABSTENTION

### I. PROCEDURAL HISTORY

Plaintiff, William Sim Spencer, filed this complaint against Karyn Donohue,

on August 7, 2019 relating to a parental support action pending against him in

Oakland County Circuit Court. (Dkt. 1). On August 13, 2019, District Judge

David M. Lawson referred this matter to the undersigned for all pretrial

proceedings. (Dkt. 7). Spencer filed an *ex parte* motion for temporary restraining

order on August 7, 2019. (Dkt. 3). For the reasons set forth below, the

undersigned **RECOMMENDS DENYING** plaintiff's motion for temporary

restraining order and **DISMISSING** plaintiff's complaint based on the *Younger*

abstention doctrine.

1

## II.    FACTUAL BACKGROUND

According to Spencer's complaint, a judgment lien was entered against him in state court in the amount of $88,620.35 based on a judgment dated June 12, 2001. (Dkt. 1, p. 5). Spencer maintains that this judgment was released in writing by the judgment lien administrator on March 17, 2016. (Dkt. 1, p. 5; Exs. 1-2). He seeks a declaration from this Court that Mich. Comp. Laws § 552.511 (Initiating enforcement of support order and custody or parenting time order) is unconstitutional as applied because it permits a new collection proceeding to be initiated without a reviewable hearing to determine whether defendant may deny his vested rights under the release. (Dkt. 1, p. 5). Spencer says that Donohue, who is named as the Judgment Lien Administrator, unilaterally rescinded the release on May 16, 2016. (Dkt. 1, p. 5, Ex. 3).

According to Spencer, Donohue is threatening to initiate and carry out collection proceedings to cause his arrest and seizure of his property unless he agrees to submit to the unilaterally reinstated judgment lien. (Dkt. 1, p. 5). Spencer also alleges that the Michigan Court of Appeals blocked his appeal from a previous collection proceeding. (Dkt. 1, p. 5; Ex. 4). According to Spencer, unless restrained by order of this Court, Donohue will imminently cause him to be arrested, relieved of his private property and detained for an indefinite period under Mich. Comp. Laws. § 552.511 based on bad-faith enforcement of the released

2

judgment lien obligation. (Dkt. 1, p. 5). Spencer seeks declaratory and injunctive relief, but no money damages. (Dkt. 1, p. 6).

In his motion for TRO, Spencer argues that because the Michigan Court of Appeals did not have jurisdiction to hear his constitutional claim, Mich. Comp. Laws. § 552.511 is unconstitutional as applied because there is no exception to the final order rule. That is, Spencer is subject to repeated denials of his liberty and property interests, contrary to the Fourth, Fifth, and Fourteenth Amendments, because he cannot seek relief in the Court of Appeals. Spencer argues that this ongoing harm is irreparable, and he has no adequate remedy at law. Spencer seeks a restraining order to preclude defendant and her "contemporaries" from carrying out any future collection proceedings under Mich. Comp. Laws. § 552.511.

## III. ANALYSIS AND CONCLUSION

### A. *Ex Parte* Temporary Restraining Order

The Court has discretion in deciding a motion for temporary restraining order. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Federal Rule of Civil Procedure 65(b)(1), which governs requests for temporary restraining orders issued without notice, states in part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss,

3

> or damage will result to the movant before the adverse
> party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts
> made to give notice and the reasons why it should not be
> required.

Fed.R.Civ.P. 65(b)(1). "Reasonable notice" means information received within a

reasonable time to permit an opportunity to be heard. *Brown v. Countrywide Home*

*Loans*, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009) (citing *Granny Goose*

*Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439, (1974) (noting that *ex parte*

"temporary restraining orders reflect the fact that our entire jurisprudence runs

counter to the notion of court action taken before reasonable notice and an

opportunity to be heard"). If these requirements are satisfied, the court must

consider 1) whether the movant has a strong likelihood of success on the merits; 2)

whether the movant will suffer irreparable harm without the injunction; 3) whether

issuance of the injunction will cause substantial harm to others; and 4) whether the

public interest is served by issuance of the injunction. *Ohio Republican Party v.*

*Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Spencer provided a verified motion for *ex parte* temporary restraining order,

which appears to comply with the verification requirements of Rule 65(b). Such a

verification must comply with 28 U.S.C. § 1746, which authorizes litigants to

provide unsworn declarations in lieu of affidavits under oath, providing in

pertinent part that such unsworn declaration or verification be subscribed in writing

4

as true under penalty of perjury, dated, and in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *Cruse v. Wayne*, 2014 WL 713001, at \*4 (W.D. Mich. Feb. 25, 2014) (quoting 28 U.S.C. § 1746(2)); *see also El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a "verified complaint" is one that is signed under the penalty of perjury pursuant to 28 U.S.C. § 1746). Spencer's motion contains the following language before his signature:

> The undersigned certifies under penalty of perjury that the facts stated above are all true, correct, complete and certain to the best of his information, knowledge and belief.

(Dkt. 3, p. 13). Accordingly, Spencer has complied with the basic verification requirement.

However, Spencer did not satisfy Rule 65(b)(1)(B). As explained in *Brown*, a "temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Id.* (citing *Hambell v. Alphagraphics Franchising Inc.*, 779 F.Supp. 910, 912-13 (E.D. Mich. 1991)); *see also Farrell v. Harvey Elam Fair Value Appraisal Servs.*, 2011 WL 13220291, at \*1 (E.D. Mich. June 3, 2011) ("An *ex parte* temporary restraining order is an extraordinary measure which will not be granted unless the movant clearly shows that such relief is warranted.") (quoting

*Schuh v. Mich. Dep't of Corr.*, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010) (internal citation and quotation marks omitted). Here, Spencer has not provided notice to the opposing parties, nor certified in writing "why [notice] should not be required." Fed.R.Civ.P. 65(b)(1)(B). He filed no certificate of service with the motion nor has he provided certified reasons, or even discussed, why he has not served the motion on defendant.[1] Thus, Spencer's failure to provide notice is not reasonable. "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). The undersigned, therefore, recommends denying the motion for *ex parte* temporary restraining order on this basis. Moreover, as set forth below, the undersigned further recommends that the

---

[1] The Court acknowledges that Spencer indicates that he informed Suzanne Hollyer of his intent to file this lawsuit and to file a motion for injunctive relief. He does not, however, state who Suzanne Hollyer is, explain why notice to her is sufficient for notice to Donohue, or indicate that he otherwise notified the actual defendant, Karyn Donohue or her attorney. The Court also acknowledges that Spencer obtained an order from the Court to have the complaint served on defendant without an obligation to prepay fees or costs. However, he neither references his IFP status, nor offers any other explanation for the failure to serve the defendant with the instant motion. *See Whipple v. Tennessee Bd. of Paroles*, 2018 WL 1387066, at *10 (E.D. Tenn. Mar. 19, 2018) ("Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a pro se litigant who seeks a TRO.") (citing *Hollowell v. Bornkempt*, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) (collecting cases).

6

Court abstain from exercising jurisdiction in this matter, which also renders Spencer's motion moot.

## B. The *Younger* Abstention Doctrine

In the view of the undersigned, Spencer's complaint should be dismissed based on the *Younger* abstention doctrine. The doctrine provides that unless there are certain unusual circumstances not at issue here, a federal court must refrain from interfering in pending civil or criminal proceedings when important state interests are at stake. *Younger v. Harris*, 401 U.S. 37 (1971). And application of the doctrine may be raised by the Court *sua sponte*.[2] "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Tobias v. State of Michigan*, 2018 WL 3434344 (E.D. Mich. July 17, 2018) (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending the *Younger* doctrine to encompass civil and administrative proceedings). "To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state

---

[2] "The *Younger* abstention doctrine may be raised *sua sponte* by the court or by the parties." *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008); *Skaggs v. Jefferson Circuit Court*, 2018 WL 2187723, at \*2 (W.D. Ky. May 11, 2018).

proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54).

In what is perhaps an effort to overcome the possibility of abstention here, plaintiff repeatedly alleges that Donohue is acting in "bad faith" in seeking to enforce MCL 552.511. He insists that the letter he received indicating that his child support case was being closed, a letter he refers to as a "release of judgment lien," constituted a contract between himself and the judgment lien administrator. He thus asserts that Donohue's subsequent unilateral rescission of the release without alleging fraud or mutual mistake, followed by a threat to pursue collection proceedings under MCL 552.511, including arrest and seizure of plaintiff's property constitutes a bad-faith application of the law which will result in irreparable harm to him. He says the potential seizure of his person and property violate the Fourth, Fifth and Fourteenth Amendments. Yet, the actions that Spencer alleges do not meet the standard for bad faith. Indeed, Spencer admits that the underlying judgment was valid. (Dkt. 3, p. 1). And, he has not presented any evidence to the Court that the judgment was set aside. Instead he attached to his

complaint the referenced letter. But notably, the March 20, 2016 notice of closure he received was also directed to the custodial party, Rene M. Sturdavant, and it included instructions directing the recipients to call within 60 days of the notice if they had more information or if the notice contained an error. (Dkt. 1, Pg. ID 9). Within 60 days of the notice, Donohue sent new correspondence indicating that Spencer's arrearages would be added back into his case at Sturdavant's request based on information the court received about Spencer's then-upcoming release from incarceration. By the very terms of the letter sent to Spencer, the parties had 60 days within which to notify Donohue of additional information and any errors. And within that time-frame Donohue issued her letter advising Spencer that his anticipated change in circumstances would result in a resumption of the subject judgment. Such circumstances seem unlikely to qualify as bad faith, but this Court need not so conclude, as Spencer will have the opportunity to litigate whether such a sequence of events evidences bad faith in state court as discussed in greater detail below. *See e.g. Hessmer v. Bad Government,* 2012 WL 5196769, at *1 (M.D. Tenn. Oct. 19, 2012) (Recognizing that a bad faith prosecution is one brought "without reasonable expectation of obtaining a valid conviction") (citations omitted)); *Miller v. Franklin county Children Services, et. al.*, 2016 WL 279260, at *7 (S.D. Ohio Jan. 22, 2016) (Government's repeatedly filing the same complaint against the plaintiff after multiple dismissals was found not to rise to the level of

"egregious bad faith or harassment required for an exception to *Younger*" where dismissals resulted from service issues); *Sparks v. Tennessee*, 2018 WL 1626230, at \*2 (M.D. Tenn. Apr. 4, 2018) (Conclusory allegations of bad faith are insufficient to invoke an exception to *Younger*); and *Strong v. Tenn. Bureau of Ethics and Campaign Finance*, 2015 WL 5794561, at \*2 (M.D. Tenn. Oct. 2, 2015) (Noting that exceptions to *Younger* abstention are "reserved for extreme situations where a plaintiff has demonstrated that he or she cannot obtain relief in any state court."). Moreover, as to the "threat" to enforce MCL 552.511, the mere application of a state statute, even if that statute is later adjudged unconstitutional does not provide grounds for an injunction. *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 49 (1941).

As to the factors to be considered, the first prong of Younger is satisfied as there is unquestionably an ongoing proceeding in the Oakland County Circuit Court relating to a claim of child support arrearages against Spencer. *See Spencer, Rene M. v. Spencer, William S.*, Case No. 1994-471049-DM. In fact, according to the publicly available docket in that case, a Support Enforcement Order was entered on August 1, 2019, setting a show cause hearing for September 3, 2019 before Oakland County Circuit Judge Julie A. McDonald. (*See* Exhibit A attached to this report and recommendation).

10

While the cases cited above reference state criminal proceedings, the doctrine also applies in civil proceedings under some circumstances. For instance, actions involving child support payment proceedings implicate important state interests that may necessitate abstention. *Nali v. Oakland Co. Friend of the Court*, 2010 WL 5101041, *2 (E.D. Mich. Dec. 9, 2010). Indeed, in this Circuit, it is well-settled that "federal courts, absent 'extraordinary circumstances' must abstain from granting declaratory or injunctive relief [affecting a civil contempt hearing stemming from the nonpayment of child support] because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials." *Sevier v. Turner*, 742 F.2d 262, 269-70 (6th Cir. 1984); *see also Tindall v. Wayne Co. Friend of the Court*, 269 F.3d 533 (6th Cir. 2001). Accordingly, the second prong of *Younger* is also satisfied.

As to the third prong, it appears that Spencer has an adequate opportunity to present his claims in the state court proceedings. While the Supreme Court recognized in *Middlesex County Ethics Comm.* that a bad-faith prosecution of an individual may serve as an exception to the application of *Younger*, the Sixth Circuit has pointed out that no Supreme Court case has yet to authorize federal intervention under this exception. *Tindall*, 269 F.3d at 539. And, where the alleged actions of bad faith can be challenged in the trial court or the state appellate courts, the plaintiff has an adequate opportunity to have his "constitutional

defenses heard and determined during the course of the state proceedings."

*Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987). Spencer claims that the

Michigan Court of Appeals foreclosed his appeal when it denied jurisdiction

because no final order has issued from the trial court. However, nothing in this

record or the public record from the state court suggests that Spencer cannot bring

his claims and defenses in the state trial court proceeding. In fact, it is clear from

the public record that Spencer can assert his rights in the ongoing state court

proceedings, as he has filed motions and otherwise participated in the proceedings.

(Exhibits B-D attached to this report and recommendation, Spencer's Motion for

Clarification dated 3/8/19; Order dated 3/2/18, signed by Spencer; Waiver of

Contempt Hearing and Agreement to Penalty dated 3/2/18, signed by Spencer).

Moreover, it can be inferred from the Michigan Court of Appeals Order that when

a final order does enter in the trial court proceeding, Spencer will be able to appeal

as of right. Accordingly, Spencer has an adequate opportunity to address his

claims in the state court proceedings and the undersigned concludes that the third

prong of the *Younger* doctrine is satisfied. Given that Spencer's complaint only

seeks declaratory and injunctive relief, dismissal of the complaint is appropriate.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("[F]ederal courts have the

power to dismiss or remand cases based on abstention principles only where the

relief being sought is equitable or otherwise discretionary.").

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS DENYING** plaintiff's motion for temporary restraining order and **DISMISSING** plaintiff's complaint based on the *Younger* abstention doctrine.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the

objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc. If the Court determines that any objections are

without merit, it may rule without awaiting the response.

Date: August 30, 2019                    s/Stephanie Dawkins Davis
                                                Stephanie Dawkins Davis
                                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on August 30, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I certify that I have mailed by United States Postal Service to the following non-ECF participants: William Sim Spencer, 15283 Wallin Rd., Thompsonville, MI 49683 and via email: williamsimspencer@gmail.com.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov

# EXHIBIT A

Approved, SCAO

RECEIVED FOR FILING OAKLAND COUNTY CLERK 2019 AUG 01 PM 02:55

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>OAKLAND COUNTY | SUPPORT ENFORCEMENT ORDER | CASE NO.<br>1994-471049-DM<br>HON. JULIE A MCDONALD |
|---|---|---|

Court address
1200 North Telegraph Road Pontiac, MI 48341

Court telephone no. (248) 858-1000

| Plaintiff's name, address, and telephone no.<br>RENE M STURDAVANT<br>*********<br>*********<br>*********<br>********* ** ***** ****<br>;<br>(***) ***-**** | v | Defendant's name, address, and telephone no.<br>WILLIAM SIM SPENCER<br>15283 Wallin Rd<br>Thompsonville, MI 49683-9104<br><br>(248) 755-0351 |
|---|---|---|
| Plaintiff's attorney name, address, telephone no., and bar no. | | Defendant's attorney name, address, telephone no., and bar no. |

Date of hearing: September 3, 2019
Judge/Referee: REBECCA ELLIS P61502
Respondent: WILLIAM SIM SPENCER

### FINDINGS:

The court adopts the findings reported by the referee.

As of August 1, 2019, the respondent owes $75,779.10 in past-due support (subject to audit).

### IT IS ORDERED:

Both parties shall notify the friend of the court in writing of: a) their mailing and residential addresses and telephone numbers; b) the names, addresses, and telephone numbers of their sources of income; c) their health-maintenance or insurance companies, insurance coverage, persons insured, or contract numbers; d) their occupational or drivers' licenses; and e) their social security numbers unless exempt by law pursuant to MCL 552.603. Both parties shall notify the friend of the court in writing within 21 days of any change in this information. Failure to do so may result in a fee being imposed.

The hearing on the Show Cause is adjourned to
         September 3, 2019
         10:00 AM
         OAKLAND FOC HRG. RM. 16
         230 ELIZABETH LAKE ROAD P O BOX 436012
         PONTIAC MI 48341

Reasons:

THIS ORDER WAS PREPARED FOLLOWING A REFEREE HEARING. REFEREE HEARINGS ARE SUBJECT TO REVIEW BY THE JUDGE IF YOU FILE OBJECTIONS TO THE OUTCOME OF THE HEARING WITHIN 21 DAYS **OF THE MAILING DATE OF THIS ORDER**. THIS ORDER IS GIVEN INTERIM EFFECT.

September 3, 2019
Date

/s/ Julie McDonald
HON. JULIE A MCDONALD TM-61M

## CERTIFICATE OF MAILING

This document was generated by MiCSES on the date below. MiCSES's business processes cause all documents to be transmitted to HOV Services within 2 days of generation. HOV Services mailed the documents by first-class mail to the parties' last-known addresses as defined in MCR 3.203 within 2 days (not including days that are excluded for other purposes by MCR 1.108).

8/1/2019

Date

RECEIVED FOR FILING OAKLAND COUNTY CLERK 2019 AUG 01 PM 02:55



EXHIBIT B



OAKLAND
COUNTY          94-471049-DM

JUDGE JULIE A MCDONALD
SPENCER,RENE, v SPENCER,WILLI

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE
COUNTY OF OAKLAND

RENE MARIE STURDAVANT,
    Plaintiff,

v.
                             Case No:1994-471049-DM
                             Hon. Julie A. McDonald

WILLIAM SIM SPENCER,
    Defendant.

Jennifer Lynn Domingue (P80398)
ATTORNEY FOR PLAINTIFF
THE SMITH LAW OFFICES
5885 N Wayne Road
Westland, MI 48185-3129
Main:☐(734) 729-4465
jennifer@thesmithlawoffices.com

William Sim Spencer†
BY SPECIAL APPEARANCE†
IN PROPRIA PERSONA†
15283†Wallin†Road†
Thompsonville, MI 49683-9104†
(231) 970-0810†
williamsimspencer@gmail.com

## MOTION FOR CLARIFICATION

Now comes Defendant, WILLIAM SIM SPENCER, in propria persona, to ask the Court to clarify whether the final amount due on 5/29/2007 is either $75,695.10 or $72,675.35.

1. The Support Enforcement Order dated 6/12/2001 imposed payments of: $73/week support, $27/week arrearages.

2. The Support Enforcement Order dated 4/04/2017 stated: "The Court adopts the findings reported by the referee. As of April 6, 2017, the respondent owes $88,662.35 in past-due support (subject to audit).

1

3. The Motion Call FOC Recommendation dated 7/05/2017 stated: "The Friend of the Court although notified of the defendant's incarceration on 5/29/2001 through his discharge on 8/16/16 did not suspend child support during the defendant's incarceration pursuant to the statute. It is recommended that the defendant's support obligation be suspended from 5/29/2007 through 7/31/2011, the date that the youngest child turned 18 and the FOC is willing to receive a nominal amount of support such as $10 per month toward the arrearage that is finally calculated if partial relief is granted."

4. The Support Enforcement Order dated 7/11/2017 stated: "The court adopts the findings reported by the referee. As of July 12, 2017, the respondent owes $75.695.10 in past-due support (subject to audit)."

5. The Court calculated that the FOC's waiver of $73/week support payments between 5/29/2007 through 7/31/2011 equals $12,967.25.

6. There were 219 weeks between 5/29/2007 and 7/31/2011. 219 weeks multiplied by $73/week = $15,987.

7. The difference between what the Court deducted from the support obligation and what appears should have been deducted is $3,019.75.

### RELIEF REQUESTED

BASED ON ALL THESE FACTS, Defendant prays the Court will clarify the final amount that became due on 5/29/2007 based on FOC's waiver, pursuant to statute, of support payments that would otherwise have become due between 5/29/2007 and 7/31/2011.

Respectfully,

William Sim Spencer
Defendant, in propria persona
15283 Wallin Road
Thompsonville, MI 49683
(231) 970-0810
williamsimspencer@gmail.com

Dated: March 8, 2019.

2



OAKLAND COUNTY 94-471049-DM

JUDGE JULIE A. MCDONALD
SPENCER,RENE, v SPENCER,WILLI

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE**
**COUNTY OF OAKLAND**

RENE MARIE STURDAVANT,
    Plaintiff,

v.

Case No:1994-471049-DM
Hon. Julie A. McDonald

WILLIAM SIM SPENCER,
    Defendant.

| | |
|---|---|
| Jennifer Lynn Domingue (P80398) | William Sim Spencer† |
| ATTORNEY FOR PLAINTIFF | BY SPECIAL APPEARANCE† |
| THE SMITH LAW OFFICES | IN PROPRIA PERSONA†, |
| 5885 N Wayne Road | 15283†Wallin†Road† |
| Westland, MI 48185-3129 | Thompsonville, MI 49683-9104† |
| Main:☐(734) 729-4465 | (231) 970-0810† |
| jennifer@thesmithlawoffices.com | williamsimspencer@gmail.com |

## PROOF OF SERVICE

    The undersigned certifies that on the date indicated below a copy of Defendant's

Motion for Clarification dated 3/08/2019 was sent by USPS First-Class mail to the

attorney for Plaintiff at her address disclosed by the record.

Respectfully,

William Sim Spencer
Defendant, in propria persona
15283 Wallin Road
Thompsonville, MI 49683
(231) 970-0810
williamsimspencer@gmail.com

Dated:  March 8, 2019.

3

EXHIBIT C

| STATE OF MICHIGAN<br>SIXTH JUDICIAL CIRCUIT<br>OAKLAND COUNTY | ORDER | CASE NO.<br>1994-471049-DM<br>HON. LISA GORCYCA |
|---|---|---|

Friend of the Court, 230 Elizabeth Lake, PO Box 436012, Pontiac, MI 48343-6012  Telephone No: (248) 858-0424;     FAX No: (248) 858-0461 – TEAM (83)

| RENE SPENCER | V | WILLIAM SPENCER |
|---|---|---|

1. Date 03/02/2018 REFEREE REBECCA K. ELLIS by KENNETH TOLBERT, JUDGE LISA GORCYCA

2. THE COURT FINDS that the respondent WILLIAM SPENCER, was served with an order to show cause / bench warrant and did not appear in this court on this date. The respondent has failed to comply with the orders of this court providing for parenting time or support and currently has an arrearage of $ 75,291. 10

IT IS ORDERED:

3. Respondent is in contempt of court for:
   a. ☒ Failure to pay out of currently available resources all or some portion of the amount due.
   b. ☐ Failure to exercise due diligence so that s/he could have the capacity to pay all or some portion of the amount due under the support order.
   c. ☐ Failure to obtain a source of income and failure to participate in a work activity after referral by the Friend of the Court.

4. ☒ Payer shall pay $ 75.00 forthwith/ within _____ days to the Friend of the Court or be committed to _____ days in the county jail. That $ 50.00 shall be applied to the arrearage and $ 25.00 costs.

5. ☒ The ☐ order to show cause ☒ bench warrant is ☒ dismissed ☐ adjourned for Hearing ____ / ____ / ____ @ _____.
   a. ☐ At the Friend of the Court - Hearing Room # _____, REFEREE _____.
   b. ☐ Before Judge LISA GORCYCA, 1200 N. Telegraph, Pontiac, Michigan.

6. ☐ Payer shall pay $_____ per_____ current support plus $_____ per _____ for arrearage. A Notice of Income Withholding shall enter.

7. ☐ Respondent is in contempt of court for failure to appear as ordered. A bench warrant shall issue for respondent's arrest with a $_____ cash appearance bond.

8. ☐ This action was taken as a result of non-compliance with a spousal support order. Therefore, costs are assessed in the amount of $ _____ as provided by MCL 552.636.

9. This order is given interim effect. This order is subject to judicial review if objections are filed within 21 days.

10. ☐ Other: _____

/s/ Lisa Gorcyca

JUDGE LISA GORCYCA

/s/ KENNETH TOLBERT

REFEREE KENNETH TOLBERT

Defendant

Plaintiff

FOC 6A (2/15 sh)

RECEIVED FOR FILING OAKLAND COUNTY CLERK 2018 MAR 02 PM 04:05



EXHIBIT D

| STATE OF MICHIGAN | WAIVER OF CONTEMPT | CASE NO. |
|---|---|---|
| SIXTH JUDICIAL CIRCUIT | HEARING AND | 1994-471049-DM |
| OAKLAND COUNTY | AGREEMENT TO PENALTY | HON. LISA GORCYCA |

Friend of the Court, 230 Elizabeth Lake, PO Box 436012, Pontiac, MI 48343-6012  Telephone No: (248) 858-0424;     FAX No: (248) 858-0461 – TEAM -22

| RENE SPENCER | V | WILLIAM SPENCER |
|---|---|---|

Date:      03/02/2018

Assigned Judge:    LISA GORCYCA

Assigned Referee:   REBECCA K. ELLIS

I have been served with a petition for order to show cause why I should not be held in civil contempt of court for:

    ☒   Failure to pay child support as ordered
    ☐   Violation of parenting time as ordered

I understand that I have a right to an attorney at a hearing on the petition and that an attorney would be appointed for me if I cannot afford an attorney.

I waive the right to be represented by an attorney. I waive the right to a court-appointed attorney.

I acknowledge that I have violated the court's order by failure to pay child support.

I have been advised that the penalty imposed for contempt may include jail time, fines and/or other penalties.

I consent to an order finding me in contempt of court.

I consent to the following penalty(ies): $ _____ 75.00 _____ OR _____ 2 _____ days OCJ.
*(to be completed by respondent)*

_____
*(signature)*

W,ll,ᴧu Spencer
*(printed name)*