UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

                Plaintiff,                      Case Number 19-12346

v.                                       Honorable David M. Lawson

                                           Magistrate Judge Stephanie Dawkins Davis

KARYN DONOHUE,

                Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND SUMMARILY DISMISSING THE COMPLAINT

On August 7, 2019, plaintiff William Sim Spencer filed his *pro se* complaint in which he seeks injunctive relief restraining the defendant from making any further efforts to collect money or impose consequences allegedly including possible arrest or incarceration stemming from state court proceedings to collect on the plaintiff's unpaid child support obligations. The plaintiff asserts that a Michigan statute, which governs the collection of judgments for unpaid support obligations is unconstitutional as applied to him because he has been denied the opportunity to raise any meaningful contest to the judgment for unpaid support. He also contends that any obligation that he had to pay amounts he previously was adjudged to owe was extinguished by a release of the judgment lien. Contemporaneously with his complaint, the plaintiff filed a motion for issuance of a temporary restraining order and preliminary injunction.

The plaintiff's principal allegations stem from the proceedings in state court to collect unpaid child support, and he attached several items of correspondence to his complaint evidencing the history of those proceedings. On March 17, 2016, the plaintiff was informed by a letter from the Oakland County, Michigan circuit court that a support dispute had been closed due to his incarceration. Letter dated Mar. 17, 2016, ECF No. 1, PageID.8. However, on May 16, 2016, the

plaintiff received another letter stating that "the previous arrearages were added back to the case at the request of the plaintiff as the defendant will be released from incarceration in August and entering the workforce again."  Letter dated May 16, 2016, ECF No. 1, PageID.10.  The plaintiff contends that he now is under threat of unjust seizures of property or arrest due to efforts by the defendant to collect the arrearages that he contends were extinguished by the March 2016 correspondence.  As the magistrate judge observed, the public record of the proceedings in the Oakland County circuit court indicates that a proceeding for collection of unpaid child support was instituted against the plaintiff and a support enforcement order was issued on August 1, 2019, assessing an amount of unpaid support exceeding $75,000.  Support Enforcement Ord., ECF No. 11, PageID.59 (Oakland Cty. Cir. Ct. Aug. 1, 2019).  The plaintiff subsequently filed a motion to clarify the amount of the support due, Def.'s Mot., ECF No. 11, PageID.62, and a show cause hearing was scheduled for September 3, 2019.

As noted above, the plaintiff filed his complaint in this Court on August 7, 2019, and he contemporaneously filed his motion for injunctive relief.  The Court referred the case to the assigned magistrate judge for all pretrial proceedings.  On August 30, 2019, the magistrate judge issued a report in which she recommended that the Court deny the motion for early injunctive relief and *sua sponte* dismiss the case under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), which holds that federal courts should not entertain litigation that would interfere with the orderly progress of state court criminal prosecutions and certain categories of civil proceedings, such as contempt prosecutions for failure to pay child support.  The plaintiff filed voluminous objections to the report and recommendation in which he asserts that the report is riddled with numerous "errors of fact."  However, after conducting a *de novo* review of the report and the record of the proceedings, the Court finds that the plaintiff has not identified any

error in the principal conclusion that the magistrate judge reached, which is that the case ought to be dismissed on the basis of abstention.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. ' 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. ' 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987))

Where, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A

complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court may dismiss a complaint on its own initiative if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

In this case, all of the requisites for *Younger* abstention are amply established by the facts pleaded in the complaint and evident from the public record. "The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings, and [in certain types of] civil and administrative proceedings." *Tindall v. Wayne County Friend of Court*, 269 F.3d 533, 538 (6th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). "Three considerations have emerged for determining when abstention is appropriate: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Ibid.* "Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal

court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain." *Ibid.* The question whether *Younger* abstention warrants summary dismissal of a case "may be raised by the court *sua sponte*." *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

*First*, the complaint and the state court record of proceedings plainly establish that there is an ongoing proceeding against the plaintiff for collection of unpaid child support, *Rene M v. Spencer, William S.*, Case No. 1994-471049-DM (Oakland Cty. Cir. Ct.), and that the gravamen of the suit here is an attempt to obstruct that proceeding by means of separate relief obtained from this Court. *Second*, it is well settled circuit law that family court proceedings for collection of unpaid child support implicate important state interests, and federal courts should not issue injunctions that would interfere in such proceedings absent "extraordinary circumstances." *E.g.*, *Tindall*, 269 F.3d 533 (remanding for dismissal on the basis of *Younger* abstention); *Sevier v. Turner*, 742 F.2d 262, 270 (6th Cir. 1984) ("[T]he federal courts, absent 'extraordinary circumstances,' must abstain from granting declaratory or injunctive relief [that would interfere with state court proceedings for civil contempt for willfully failing to pay child support] because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials."). The plaintiff repeats throughout his papers the vague and non-specific assertion that the support enforcement proceeding was commenced in "bad faith," but he has not identified the sort of "extraordinary circumstances" that would warrant injunctive interference by this Court. *See Parker v. Turner*, 626 F.2d 1, 10 (6th Cir. 1980) ("Should the Tennessee appellate courts be *unable or unwilling to correct continuing unconstitutional conduct*

*by the Juvenile Court judges,* plaintiffs would then be in a position of showing 'exceptional circumstances' which would warrant federal injunctive relief." (emphasis added)).

     *Third*, as the Sixth Circuit has recognized, there will be ample opportunity for the plaintiff to obtain review of his constitutional and other claims of error either before the state trial court, or, if any final judgment is rendered, in the state appellate courts. *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) ("The actions alleged to constitute evidence of bad faith on the part of the defendants in the instant appeal can all properly be challenged, either by motion to the trial court, or later on appeal to the state appellate courts. As such, Ballard plainly ha[s] an adequate opportunity to have [her] constitutional defenses heard and determined during the course of the state court proceedings. Where there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in *Younger* require that a . . . defendant must first exhaust his state appellate remedies before seeking relief in the District Court."); *see also Tindall*, 269 F.3d at 539 ("Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine, we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court.").

     The plaintiff's objections that there is no ongoing state proceeding and that state court proceedings to enforce child support obligations do not comprise any important state interest are unsupported by any legal authority and contrary to the facts disclosed by the public record and the well settled law of this circuit. His numerous other claims that the magistrate judge misapprehended certain factual details shown by the pleadings and the public record are immaterial

where the undisputed facts evident from the record clearly establish that abstention is warranted. The plaintiff's objections all therefore are either irrelevant or without merit.

Accordingly, it is **ORDERED** the report and recommendation (ECF No. 11) is **ADOPTED**, and the plaintiff's objections (ECF No. 13) are **OVERRULED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motions for injunctive relief and to file further motions (ECF No. 3, 12, 14) are **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 9, 2019

<div style="border:1px solid black; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 9, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

</div>